The Honorable Marc Barreca
Chapter 7
Location: Seattle, Courtroom 7106
Date of Hearing: December 17, 2020
Time of Hearing: 9:30 a.m.
Reply Date (per ECF No. 25):
December 15, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>PAKIE VINCENT PLASTINO,<br><br>　　　　　　　Debtor. | Case No. 17-11760-MLB |
| RONALD G. BROWN,<br>　　　　　　　Plaintiff,<br>　v.<br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br>　　　　　　　Defendant. | Adv. Nos. 20-01012-MLB<br>and 20-01013-MLB)<br><br>REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEUTSCHE BANK NATIONAL TRUST COMPANY |

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 1 of 17

## TABLE OF CONTENTS

**Page**

A. Under her confirmed plan of reorganization, Stewart promised to make monthly payments to Deutsche Bank through November 2046, giving Deutsche Bank until then to commence a foreclosure. ...................................... 1

B. Stewart's bankruptcy plan prevented Deutsche Bank from foreclosing, thereby tolling the statute of limitations. ............................................................ 2

C. Plastino's discharge did not accelerate his obligations under the note payable to Deutsche Bank. ................................................................................ 5

D. Plastino's payments and acknowledgments restarted the statute of limitations. ................................................................................................ 6

E. Deutsche Bank holds the note and is entitled to enforce the deed of trust. .......... 8

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - i
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 2 of 17

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Crystal Properties, Ltd.*,
   268 F.3d 743 (9th Cir. 2001) .................................................................................................10

*Johnson v. Home State Bank*,
   501 U.S. 78 (1991) ................................................................................................................4, 5, 7

*In re Mastro*,
   465 B.R. 576 (Bankr. W.D. Wash. 2011) .................................................................................3

*In re Moser*,
   613 B.R. 721 (B.A.P. 9th Cir. 2020) .......................................................................................10

*Thacker v. Bank of N.Y. Mellon*,
   2019 WL 1163841 (W.D. Wash. 2019) ...............................................................................7, 8

*Thacker v. Bank of N.Y. Mellon*,
   787 F. App'x 474 (9th Cir. 2019) ..............................................................................................7

**State Cases**

*Arreygue v. Lutz*,
   116 Wn. App. 938 (2003) .........................................................................................................4

*Bain v. Metro. Mortg. Grp., Inc.*,
   175 Wn.2d 83 (2012) ................................................................................................................8

*Bartlett Estate Co. v. Fairhaven Land Co.*,
   49 Wash. 58 (1908) ..................................................................................................................9

*Brown v. Wash. State Dep't of Commerce*,
   184 Wn.2d 509 (2015) .....................................................................................................8, 9, 10

*Bucci v. Nw. Tr. Servs., Inc.*,
   197 Wn. App. 318 (2016) .........................................................................................................8

*Coman v. Peters*,
   52 Wash. 574 (1909) ................................................................................................................6

*Deutsche Bank Nat. Tr. Co. v. Slotke*,
   192 Wn. App. 166 (2016) .........................................................................................................8

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - ii
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 3 of 17

*Edmundson v. Bank of America*,
    194 Wn. App. 920 (2016) ................................................................................................5, 6

*Fetty v. Wenger*,
    110 Wn. App. 598 (2001), *as am. on den. of recon.* (2002) ................................................7

*Fid. & Deposit v. Ticor*,
    88 Wn. App. 64 (1997) ...........................................................................................................9

*Glassmaker v. Ricard*,
    23 Wn. App. 35 (1979) ...........................................................................................................6

*Hamilton v. Pearce*,
    15 Wn. App. 133 (1976) .........................................................................................................6

*Jewell v. Long*,
    74 Wn. App. 854 (1994) .........................................................................................................7

*Merceri v. Bank of NY Mellon*,
    4 Wn. App. 2d 755 (2018), *review denied* 192 Wn.2d 1008 (2018) .....................................6

*Merceri v. Deutsche Bank AG*,
    2 Wn. App. 2d 143 (2018), *review denied* 190 Wn.2d 1027 (2018) ............................2, 3, 4

*Nance v. Woods*,
    79 Wash. 188 (1914) ...............................................................................................................9

*Price v. N Bond & Mortg. Co.,* 161 Wash. 690 (1931) ....................................................................9

*Spencer v. Alki Point Transp. Co.*,
    53 Wash. 77 (1909) .................................................................................................................9

*U.S. Bank NA v. Kendall*,
    9 Wn. App. 2d 1044, *review denied* 194 Wn.2d 1024 (2020) (unpublished) .......................7

*Washington Federal, National Association v. Pacific Coast Construction, LLC*,
    4 Wn. App. 2d (2018) (unpublished) .....................................................................................4

*Weinberg v. Naher*,
    51 Wash. 591 (1909) ...............................................................................................................6

*Wickwire v. Reard*,
    37 Wn.2d 748 (1951) ..............................................................................................................6

**Federal Statutes**

11 U.S.C. § 363 ..................................................................................................................................3

11 U.S.C. § 524 ...............................................................................................................................5, 7

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - iii
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 4 of 17

11 U.S.C. § 541 ...........................................................................................................................3

**State Statutes**

RCW 4.16.230 ....................................................................................................................3, 4

RCW 4.16.270 .......................................................................................................................8

RCW 4.16.280 .......................................................................................................................8

RCW 62A.1-201(b)(21)(A) ...................................................................................................8

RCW 62A.3-301 ....................................................................................................................8

**Rules**

Bankruptcy Rule 4001(a)(3) ..................................................................................................3

**Other Authorities**

Wm. B. Stoebuck & John W. Weaver, 18 *Wash. Prac., Real Estate§* 18.20
   (2d ed. May 2012) ............................................................................................................9

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - iv
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 5 of 17

Deutsche Bank still has the right to foreclose. The Court should enter summary judgment for Deutsche Bank on all claims asserted against it. This is why.

*First*, Stewart promised to pay back Deutsche Bank in monthly installments through November 2046, so even if Plastino's debt were barred by the statute of limitations, Stewart's debt under her plan remains outstanding and enforceable.

*Second*, whatever the effect of Plastino's 2007 bankruptcy discharge and his subsequent actions, Olga Stewart's bankruptcy tolled the statute of limitations between 2010 (when she filed) and 2016 (when Deutsche Bank declared her in default under her plan of reorganization).

*Third*, Pakie Plastino's 2007 bankruptcy discharge did not, in fact, accelerate his obligations to Deutsche Bank. Granted, non-binding decisions issued in other cases suggest otherwise, but they misunderstand the effect of a discharge and mis-apply binding authority, including some from the U.S. Supreme Court.

*Fourth*, even if this Court decides Plastino's 2007 bankruptcy discharge did somehow accelerate his obligations to Deutsche Bank, his subsequent actions in 2009 and 2010—including his decision to make payments and to re-affirm his obligations—re-set the statute of limitations.

*Fifth*, although Ron Brown and James Rigby now claim to have doubts about whether Deutsche Bank holds Plastino's promissory note or is the beneficiary of the deed of trust on Plastino and Stewart's property, they had no such doubts when they filed their complaints. Deutsche Bank is in fact entitled to enforce the deed of trust because it holds the original note, is the named beneficiary under the deed of trust, and has been repeatedly recognized as such in years of prior litigation.

### A. Under her confirmed plan of reorganization, Stewart promised to make monthly payments to Deutsche Bank through November 2046, giving Deutsche Bank until then to commence a foreclosure.

Stewart promised to pay the debt to Deutsche Bank in regular monthly installments, many of which are not yet even due or payable. Until all of her obligations are at least six years past-due, Deutsche Bank retains the right to foreclose on the property.

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 1
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 6 of 17

Brown and Rigby do not appreciate the effect of Stewart's 2012 plan of reorganization or this Court's order confirming that plan. A plan is effectively a new contract between a debtor and her creditors. *See* Deutsche Bank's Opp. at 6:19-7:2, ECF No. 30 (Dec. 10, 2020). It has the effect of displacing the debtor's prior obligations with those set out in the plan. *Id.* at 7:3-10. Accordingly, the statute of limitations within which a creditor may take action to enforce those obligations is calculated by reference to the date of plan confirmation, not earlier dates giving rise to the creditor's original claim. *Id.* at 7:11-8:9.

It does not matter whether Stewart signed the original promissory note or whether there was a statute of limitations running with respect to Deutsche Bank's right to sue Plastino. Stewart's plan governs the extent of Deutsche Bank's rights with respect to its claim against Stewart and her property. And Stewart's plan could not be clearer. Stewart "shall tender regular monthly payments" from December 1, 2012, to November 1, 2046. Am. Chapter 11 Plan at 4, *In re Stewart*, Case No. 10-21227-MLB, ECF No. 130 (Bankr. W.D. Wash. Nov. 13, 2012). Deutsche Bank was commanded "treat said loans as current and treat said obligations as an ongoing amortizing obligation." *Id.* at 14.

Brown and Rigby claim that Stewart's plan does not affect the statute of limitations because, in objecting to the plan, Deutsche Bank argued that the Court could not confirm the plan under section 524(e). ECF No. 33 at 10:10-27. But the Court ***did*** confirm the plan, and the plan ***does*** include provisions giving Stewart until November 2046 to make payments. Brown and Rigby then argue that Stewart's plan could not modify Plastino's obligations. Stewart's plan could certainly modify *Stewart's* obligations, and it did so by stating that she "shall" make regular monthly payments. Even if the statute of limitations has expired with respect to Plastino's obligations (and, as explained below, it has not), Stewart's obligations remain.

**B.  Stewart's bankruptcy prevented Deutsche Bank from foreclosing, thereby tolling the statute of limitations.**

It is telling that Brown and Rigby do not so much as mention *Merceri v. Deutsche Bank AG*, 2 Wn. App. 2d 143 (2018), *review denied* 190 Wn.2d 1027 (2018), in their response, and

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 2
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 7 of 17

only belatedly address it in their reply. *Merceri* is important because it stands for a simple and uncomplicated proposition: "Under the plain language of RCW 4.16.230, the statute of limitations is tolled during the bankruptcy stay." *Id*. at 151. That is true even if a creditor is only interested in pursuing remedies *in rem* against property. As the court in *Merceri* acknowledged, the stay is "imposed on proceedings to obtain possession or exercise control of property in the bankruptcy estate" and applies to "all acts by creditors to enforce their liens against the debtor's property." *Id*. at 148 (citations and quotations omitted).

Deutsche Bank's collateral was part of Stewart's bankruptcy estate. As this Court already held, the property was part of Stewart and Plastino's marital community. Case No. 19-01037, ECF No. 30 at 2. Stewart did not sign the note or deed of trust, but that does not mean Deutsche Bank was free to ignore the automatic stay in effect with respect to her property. Case No. 19-01037, ECF No. 30 at 2; 11 U.S.C. § 541; *see also In re Mastro*, 465 B.R. 576, 602 (Bankr. W.D. Wash. 2011). Stewart's plan forbade Deutsche Bank from pursuing any action against the property because it remained part of Stewart's bankruptcy estate. Deutsche Bank retained rights under sections 363(f) and (k) of the Bankruptcy Code, which only pertain to property of the estate. *Id*. at 5. She would not receive a discharge until after completing certain plan payments. *Id*. at 13. If Stewart defaulted, Deutsche Bank could only obtain relief from the stay by sending notice and giving Stewart the opportunity to cure. *Id*. at 5, 14. Absent a cure, Deutsche Bank "shall be entitled to relief from the stay under this Plan" (*id*. at 14), and relief from the stay would take effect immediately and without the ordinary 14-day waiting period imposed by Bankruptcy Rule 4001(a)(3) (*id*. at 5). The stay therefore remained in effect with respect to the property from 2012, when this Court confirmed Stewart's plan, until 2016, when Deutsche Bank declared a default under the plan.

It is no answer to pretend that Deutsche Bank could have sued on the note within six years after Plastino's last payment even if it was stayed from foreclosing on Stewart's property. Deutsche Bank could not have sued Plastino on the note because his *in personam* liability under the note had been discharged. That means Deutsche Bank only retained its right to foreclose on

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 3
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 8 of 17

the property, a right that passed through Plastino's bankruptcy without interference. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (a chapter 7 discharge only bars the pursuit of *in personam* liability on a debt, while leaving intact an action against the debtor *in rem*). And because the right to take that action was subject to the statute of limitations imposed by Stewart's bankruptcy, the statute of limitations on that action was tolled under RCW 4.16.230 and *Merceri*.

Neither *Merceri* nor RCW 4.16.230 says that tolling applies only if the obligor on the note filed for bankruptcy. RCW 4.16.230 operates whenever the commencement of "an action" is stayed, not just when the commencement of an action against an obligor on a promissory note, as Brown and Rigby suggest. In accordance with the words of the statute, the court in *Washington Federal, National Association v. Pacific Coast Construction, LLC* held that an action to foreclose on a deed of trust was stayed—and the statute of limitations tolled—by the bankruptcies of the property owners, even though they did not sign the promissory note secured by the property. 4 Wn. App. 2d 1065, at *4 (2018) (unpublished). Here, Deutsche Bank could not commence an action to foreclose on the property because it was protected by Stewart's bankruptcy. Just because Brown and Rigby believe there are *other actions* that Deutsche Bank might have pursued does not mean that it was free to commence an action to foreclose on the property.

Nor is it particularly persuasive for Brown and Rigby to propose that Deutsche Bank should have sued Plastino—after his discharge—to somehow "determine his liability" under the note. First, to have any effect on Stewart, she would need to be a party to such an action, and naming her would have violated the stay. Second, the debtor in *Merceri* made a similar argument in that case, and the court rejected it by noting that RCW 4.16.230 applies to any action that is "stayed," even if there are steps that a creditor might conceivably take to move the action forward. *Id.* at 154. Third, the only authority Brown and Rigby cite in support of this proposal—*Arreygue v. Lutz*, 116 Wn. App. 938 (2003)—is irrelevant because it has nothing to do with RCW 4.16.230, the effect of the automatic stay, or even any statute of limitations of any kind.

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 4
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 9 of 17

**C. Plastino's discharge did not accelerate his obligations under the note payable to Deutsche Bank.**

Brown and Rigby should not rely on unpublished decisions from the Ninth Circuit or dicta from the Washington Court of Appeals when those cases misconstrue the effect of section 524 of the Bankruptcy Code and binding precedent from the U.S. Supreme Court.

Brown and Rigby know that a discharge is simply a kind of statutory injunction that prevents a creditor from taking certain actions to enforce a discharged debt against the debtor in personam. It does not constitute "the complete termination of the Bank's *claim* against petitioner. Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson* 501 U.S. at 85. Nothing in the Bankruptcy Code states (or even implies) that the entry of a discharge order results in an acceleration of debts secured by property.

Perhaps recognizing that there is little hay to be made under federal law, Brown and Rigby assert that a bankruptcy discharge accelerates debts under Washington law, and cite to *Edmundson v. Bank of America*, 194 Wn. App. 920 (2016). In that case, the court held that a creditor's right to foreclose on property was neither discharged by bankruptcy nor barred by the statute of limitations. Federal decisions based on *Edmundson* (and cited by Brown and Rigby) depend on a single sentence—dicta—stating that the statute of limitations "for each subsequent monthly payment accrued on the first day of each month after November 1, 2008 under the Edmundsons no longer had personal liability under the note," which the court understood to be the date of the discharge. But what Brown and Rigby omit from their briefing is this, also from *Edmundson*:

> To the extent the trial court ruled that some event during the bankruptcy proceeding triggered this provision, the court is wrong. Under the plain terms of the deed of trust, this is an option to be exercised by the lender, not something triggered by events in bankruptcy proceedings. Accordingly, as we previously discussed, the statute of limitations for each monthly payment accrued as the payment became due. There was no acceleration of the maturity date of the note.

*Id.* at 932. That is, of course, correct. The Washington Supreme Court, over a hundred years ago, made clear that Washington law does not allow automatic acceleration: "mere default in payment

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 5
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 10 of 17

does not mature the whole debt, whether there be words of option in the agreement or not." *Coman v. Peters*, 52 Wash. 574, 578 (1909); *Merceri v. Bank of NY Mellon*, 4 Wn. App. 2d 755, 761 (2018), *review denied* 192 Wn.2d 1008 (2018). "Some affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due." *Weinberg v. Naher*, 51 Wash. 591, 594 (1909); *Glassmaker v. Ricard*, 23 Wn. App. 35, 38 (1979).

Plastino's discharge enjoined Deutsche Bank from commencing or continuing an action against him to recover his debt as a personal liability. It did not accelerate the debt under state or federal law.

### D. Plastino's payments and acknowledgments restarted the statute of limitations.

Brown and Rigby concede that Plastino acknowledged Deutsche Bank's loan and made payments on the deed of trust after his discharge. They also do not dispute that this had the legal effect of re-starting the statute of limitations with respect to the debt. Instead, they try to minimize the significance of these facts by arguing that even if "the Bank is correct," the last payment or acknowledgement made by Plastino occurred on August 27, 2010, which is more than six years before he commenced this latest bankruptcy in 2017. ECF No. 33 at 4:26-27. This assumes that the debt had been accelerated by the bankruptcy discharge, even though *Edmundson* held that acceleration "is an option to be exercised by the lender, not something triggered by events in bankruptcy proceedings." 194 Wn. App. at 932. But setting that issue aside, Brown and Rigby do not recognize the power of a payment or other acknowledgment on the statute of limitations.

"The underlying principle upon which partial payment will start the limitation period running anew is that part payment amounts to a voluntary acknowledgment of the existence of the debt and from this the law implies a new promise to pay the balance." *Hamilton v. Pearce*, 15 Wn. App. 133, 138 (1976); *see also Wickwire v. Reard*, 37 Wn.2d 748, 759 (1951) (reversing limitations defense judgment for debtor because "a voluntary payment was made on the note on

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 6
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 11 of 17

December 21, 1942, and that the statute of limitations was therefore tolled to December 21, 1948").

Likewise, "an action barred by the six year statute of limitations applicable to contracts can be pursued where there is a 'written acknowledgment or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay.'" *Thacker v. Bank of N.Y. Mellon*, 2019 WL 1163841, at *6 (W.D. Wash. 2019); *Thacker v. Bank of N.Y. Mellon*, 787 F. App'x 474, 475 (9th Cir. 2019); *see also Fetty v. Wenger*, 110 Wn. App. 598, 603 (2001), *as am. on den. of recon.* (2002) ("The Wengers' letters effectively acknowledged their attorney fee obligation to Fetty, thus extending the statute of limitations."); *Jewell v. Long*, 74 Wn. App. 854, 857 (1994) ("when David Jewell gave the 1985 deed of trust, he acknowledged the 1982 debt and restarted the applicable 6–year statute of limitations").

Brown and Rigby try to sidestep this authority by arguing that Plastino needed to enter into a formal reaffirmation agreement under section 524 of the Bankruptcy Code to revive the statute of limitations. Other courts have addressed, and dismissed, this argument before.

> The finding that the Plaintiff acknowledged the debt for purposes of the statute of limitations is not intended, in any way, to constitute a finding that the Plaintiff has reaffirmed a discharged debt under bankruptcy law. The finding is merely related to the operation of Washington's statute of limitations.

*Thacker*, 2019 WL 1163841, at *7; *Thacker*, 787 F. App'x at 475; *see also U.S. Bank NA v. Kendall*, 9 Wn. App. 2d 1044, *review denied* 194 Wn.2d 1024 (2020) (unpublished). That is consistent with the U.S. Supreme Court's decision in *Johnson*, which involved a chapter 13 plan that re-scheduled a debt that had already been discharged in a prior chapter 7. The Supreme Court recognized that an *in rem* obligation remains a claim even if *in personam* liability has been discharged.

Brown and Rigby then assert that an acknowledgment or payment after acceleration simply starts the clock running again on the accelerated balance, citing *Taylor v. PNC Bank, National Association*, 2020 WL 4431465, at *3 (W.D. Wash. 2020). *Taylor's* only authority for

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 7
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 12 of 17

this statement are the *Thacker* decisions, and neither opinion addresses or reconciles Washington law holding that (1) acceleration is the prerogative of the lender, not the inevitable consequence of a bankruptcy discharge; and (2) an acknowledgment or payment is fundamentally a new promise to pay, and is interpreted as such. Under RCW 4.16.280, an acknowledgment creates a "new or continuing contract" which reinstates the entire contract (and revives the statute of limitations). And under RCW 4.16.270, a payment "made upon any existing contract" restarts the statute of limitations.

Here Plastino acknowledged he would make future payments after August 2010, thereby reinstating all installment payments: "I feel that with the help of the mortgage company we will be able to move forward and stay current." ECF No. 21 at ¶ 12; ECF No. 22-11, Ex. 11 at 8-9. Thus, he acknowledged the past ***and*** future payments, reviving the statute of limitations on both. Such acknowledgement and payments under RCW 4.16.270 and 4.16.280 revive the statute of limitations with respect to the existing contract, which contemplated payments in installments.

### E. Deutsche Bank holds the note and is entitled to enforce the deed of trust.

Deutsche Bank is entitled to enforce the promissory note and deed of trust. Brown and Rigby's belated assertion of stale "show-me-the-note" arguments does not help them.

The holder of a negotiable instrument is entitled to enforce it. *See* RCW 62A.3-301. "Under the UCC, the 'holder' of the note is 'the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession.' RCW 62A.1-201(b)(21)(A)." *Bucci v. Nw. Tr. Servs., Inc.*, 197 Wn. App. 318, 328 (2016). And the holder of a note is automatically entitled to enforce a deed of trust securing that note. "[T]he holder of a note has authority to commence a nonjudicial foreclosure." *Deutsche Bank Nat. Tr. Co. v. Slotke*, 192 Wn. App. 166, 175 (2016); *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 104 (2012) ("deed of trust act contemplates that the security instrument will follow the note, not the other way around"); *Brown v. Wash. State Dep't of Commerce,* 184 Wn.2d 509, 529 n.9 (2015). That proposition is confirmed by prior authorities. "[T]ransfer of the obligation ... should carry the mortgage along with it. This is indeed the universal result in American law . . . .

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 8
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB   Doc 36   Filed 12/15/20   Ent. 12/15/20 15:12:18   Pg. 13 of 17

Washington decisions, though old, support this proposition." Wm. B. Stoebuck & John W. Weaver, 18 *Wash. Prac., Real Estate§* 18.20 (2d ed. May 2012); *Fid. & Deposit v. Ticor,* 88 Wn. App. 64, 68-69 (1997); *Price v. N Bond & Mortg. Co.,* 161 Wash. 690, 695 (1931) ("the note is considered the obligation, and the mortgage . . . passes with it"); *Nance v. Woods,* 79 Wash. 188, 191 (1914) ("mortgage follows the note"); *Spencer v. Alki Point Transp. Co.,* 53 Wash. 77, 90 (1909) ("assignment of the notes ipso facto passes the security"); *Bartlett Estate Co. v. Fairhaven Land Co.,* 49 Wash. 58, 63 (1908) (mortgage "passes to the assignee by an assignment of the debt").

Brown and Rigby start their argument on this point by asserting that "the allonges to the Note do not name the Bank as payee." That is not true. The last page of the note is stamped with an allonge affixed by Impac Funding Corporation stating that the note is payable to "Deutsche Bank National Trust Company, as indenture trustee under the indenture relating to IMH Assets Corp., collateral [word obscured]-backed bonds, Series 2002-8." ECF No. 22-1 at 10. Impac, in turn, had received an indorsement from Alliance Bancorp, the original payee under the note. ECF No. 22-1 at 6. So, contrary to Brown and Rigby's argument, the allonge to the note ***does*** name Deutsche Bank as payee. And there the matter should end.

Brown and Rigby have a further argument to make, however, which is that the identity of the beneficiaries of the property that Deutsche Bank is holding in trust are described differently in the note attached to Dorothy Washington's declaration, in an allonge attached to a proof of claim filed in Stewart's case in 2011, and in an assignment to the deed of trust. The common denominator in all those cases, however, is that Deutsche Bank is ***always*** identified as the trustee. As the holder of the note, Deutsche Bank has the right to enforce it. *See* H. McCullough Decl., Ex. A, B (Dec. 15, 2020). It does not matter who has been assigned the deed of trust because the deed of trust follows the note automatically, notwithstanding what a title report of unknown provenance says. *See Brown*, 184 Wn.2d at 525 (2015). Deutsche Bank qualifies as a person entitled to enforce the instrument. *Id.* at 526 ("By definition, the PETE [person-entitled-to-

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 9
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 14 of 17

enforce] is the person entitled to enforce the note, i.e., to sue in its own name and collect on the note if the obligation has been dishonored.").

Since it is Deutsche Bank that holds legal title to the note, not the beneficiaries, it does not make any difference how the beneficiaries are described. "The PETE [person-entitled-to-enforce] and the owner of the note can be the same entity, but they can also be different entities. . . . [A] person *need not* own a note to be entitled to enforce the note . . . ." *Id*. at 525 (emphasis in original). Deutsche Bank is responsible to the beneficiaries of the trust, not to Brown or Rigby, to ensure that the proceeds of its foreclosure are distributed correctly. And if there is any ministerial error in the identification of the beneficiaries, Deutsche Bank can correct it before foreclosing.

Brown and Rigby do not cite any authority for the proposition that the Court should enter quiet title for them under these circumstances. The only law that they do cite deals with the standing of a party to commence and maintain an action against another person in federal court. Deutsche Bank is not the plaintiff in this case. If Brown and Rigby think that they sued the wrong person, they are free to dismiss their claims against Deutsche Bank. Of course, Brown and Rigby know quite well that Deutsche Bank is the right person entitled to enforce the note and the deed of trust, and not just because all the documents that they cite identify Deutsche Bank as the correct party. In their complaints, they acknowledge Deutsche Bank as the beneficiary of the deed of trust and repeatedly refer to Deutsche Bank in connection with the note. Brown 1st Am. Compl., ¶¶ 1, 12; Rigby Compl., ¶¶ 2.1, 4.2 n.1. That would be inexplicable if they thought someone else was the real holder of the note. "A party is bound by its admissions in its pleadings." *In re Moser*, 613 B.R. 721, 729 (B.A.P. 9th Cir. 2020); *In re Crystal Properties, Ltd.*, 268 F.3d 743, 752 (9th Cir. 2001). Finally, it is useful to note that Stewart proposed, and this Court confirmed, a plan of reorganization expressly recognizing Deutsche Bank as the secured creditor.

\* \* \*

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 10
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 15 of 17

For the foregoing reasons and for those set out in its motion for summary judgment and response in opposition to Brown and Rigby's motion for summary judgment, the Court should enter summary judgment for Deutsche Bank on all claims asserted against it.

DATED this 15th day of December, 2020.

        Davis Wright Tremaine LLP
        Attorneys for Deutsche Bank
        National Trust Company

        By /s/ Hugh McCullough
           Fred Burnside, WSBA No. 32491
           Hugh McCullough, WSBA No. 41453

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 11
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 16 of 17

CERTIFICATE OF ELECTRONIC SERVICE

I certify that on the date of this certificate, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the attorneys of record registered on the CM/ECF system.

DATED this 15th day of December, 2020.

/s/Hugh McCullough
Hugh McCullough, WSBA No. 41453

REPLY IN SUPPORT OF DEUTSCHE BANK'S
MOTION FOR SUMMARY JUDGMENT - 12
(Adv. Nos. 20-01012-MLB and 20-01013-MLB)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150

Case 20-01012-MLB    Doc 36    Filed 12/15/20    Ent. 12/15/20 15:12:18    Pg. 17 of 17